UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMY JAIR MARTINEZ-ALVAREZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 2:26-cv-02453-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. ORDER

The petition for writ of habeas corpus is GRANTED. Respondents concede in their return that Petitioner is subject only to discretionary detention under 8 U.S.C. § 1226(a). *See* Dkt. 8 at 2 (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) (noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).")). Petitioner requested a custody redetermination hearing on the day of his arrest in June 2026, but for unexplained reasons, Respondents have never provided him with that hearing. *See* Dkt. 9 ¶ 9 ("On June 18, 2026 . . . Petitioner requested that an immigration judge review his custody determination – no redetermination has been scheduled to date."). Petitioner—who came here from Honduras as a minor in 2018 and has lived in the community for eight years, first on an order of recognizance

and then after the government dismissed his removal proceedings without prejudice—has now been detained for over three months.

The parties do not cite, and the Court is unaware of, any legal authority that has addressed the amount of time that may elapse before it violates due process to detain a noncitizen under 8 U.S.C. § 1226(a) without holding a bond hearing that the noncitizen has requested and is legally entitled to. While the Ninth Circuit upheld the procedures of § 1226(a) against a facial due process challenge in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022), that decision was premised on the understanding that "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody redetermination" and "an initial bond hearing before a neutral decisionmaker." *Id.* at 1202. Those procedural protections are meaningless if they are not followed, and *Rodriguez Diaz* made clear that it did not "foreclose all as-applied challenges to § 1226(a)'s procedures." *Id.* at 1213–14; *see also Y.Z. v. Soto*, 812 F. Supp. 3d 459, 466 (D.N.J. 2025) ("For more than 40 years, federal officials have worked to ensure rapid hearings for detained noncitizens. . . . EOIR [Executive Office of Immigration Review] stated in 2020 that custody *redetermination hearings should occur no later than three to five days* after the date the request [for a hearing] was received.") (citation modified) (emphasis added).

Here, the Court concludes that Petitioner's detention under § 1226(a) for more than three months after he requested an initial bond hearing that was legally required violates due process. Under these circumstances, Petitioner is entitled to habeas relief, *see* 28 U.S.C. § 2241(c)(3), and the only meaningful remedy is immediate release on bond. To simply order a bond hearing now would only ratify Respondents' unjustified delay.

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within one day of this Order, Respondents must release Petitioner Jeremy Jair Martinez-Alvarez on reasonable bond conditions.

3. Respondents shall file a status report confirming Petitioner's release no later than September 25, 2026.

4. Upon his release, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer on any fee request before filing a petition.

Dated this 23rd day of September, 2026.

Tiffany M. Cartwright
United States District Judge